**ROPES & GRAY**
ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
9/22/16
John G. Koeltl, U.S.D.J.

September 21, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/23/16

Mark R. Somerstein
T +1 212 841 8814
F +1 646 728 1663
mark.somerstein@ropesgray.com

**BY ECF**

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **Request for Extension of Time to Respond to Appellees' Motion to Dismiss in**
*Official Committee of Unsecured Creditors v. Sabine Oil & Gas Corp. (In re Sabine Oil & Gas Corp.)*, No. 16-cv-6054 (consolidated with Nos. 16-cv-6391, 16-cv-6385, and 16-cv-6420)

Dear Judge Koeltl:

Appellants respectfully request a 30-day extension of time, until October 26, 2016, to respond to Appellees' Motion to Dismiss (the "Motion to Dismiss" ECF No. 42 and 43), filed September 9, 2016.[1] Appellants request this extension so that the Court can first consider the Motion to Certify for Direct Appeal to the Second Circuit Court of Appeals the Bankruptcy Court's Order Confirming the Debtors' Second Amended Plan of Reorganization (the "Certification Motion"), which the Appellants also filed today. (ECF No. 46.) If this Court grants the Certification Motion, it would alleviate the need for the Motion to Dismiss to be briefed and adjudicated in this Court, allowing Appellees' motion to be considered alongside a parallel motion to dismiss that Appellees have filed in the Second Circuit. The original response deadline is September 26, 2016. No previous requests for an extension of time have been made. This request does not affect any other deadlines, except the deadline for a reply brief regarding the Motion to Dismiss.

As this Court is aware, on June 27, 2016, the Appellants appealed to the Second Circuit this Court's decision affirming the Bankruptcy Court's ruling denying the Committee *STN* standing ("*STN* Appeal"). *In re Sabine Oil & Gas Corp.*, No. 16-cv-2561 (S.D.N.Y.), ECF No. 41. The

---

[1] The Appellants consist of The Official Committee of Unsecured Creditors (the "Committee"), and The Bank of New York Mellon Trust Company, as Trustee under the 2017 Notes Indenture, Wilmington Savings Fund Society, FSB, as Indenture Trustee for the Forest Oil 7.25% Unsecured Notes due 2019, and Delaware Trust Company, as Indenture Trustee for the Forest Oil 7.5% Unsecured Notes due 2020 (collectively, the "Trustee Appellants" and, together with the Committee, "Appellants"). Mark T. Stancil, counsel for the Trustee Appellants, has authorized me to state that the Trustee Appellants join in this request for an extension.

ROPES & GRAY LLP

- 2 - September 21, 2016

Committee filed its opening brief in the *STN* Appeal on July 11, 2016, and that appeal remains pending in the Second Circuit. ECF No. 32 (Jul. 11, 2016). Appellees have also moved in the Second Circuit to dismiss the *STN* Appeal (the "Second Circuit Motion to Dismiss"). *Id.*, ECF No. 123 (Sept. 9, 2016). Appellees' Second Circuit Motion to Dismiss argues that the *STN* Appeal is constitutionally and equitably moot due to the Bankruptcy Court's entry of the Confirmation Order—despite the presence of this appeal and the Committee's contentions that the Bankruptcy Court had no jurisdiction to approve the releases in the Confirmation Order while the *STN* Appeal was pending in the Second Circuit. The Appellants will submit to the Second Circuit their opposition to Appellees' Second Circuit Motion to Dismiss tomorrow, September 22.

As described in further detail in the Certification Motion, the interests of judicial economy support addressing both of Appellees' motions to dismiss in the same court, since those parallel motions raise intertwined and overlapping issues concerning mootness. Judicial economy also counsels toward addressing the *merits* of both appeals in the same tribunal. As this Court is aware, in the *STN* Appeal, the Second Circuit will address the colorability of the *STN* Claims. Two central issues on the merits in the Confirmation Appeal include whether the Bankruptcy Court had jurisdiction to release claims when the colorability of those claims was pending in an Article III court and, even if it had such jurisdiction, whether it was error for the court to approve a Plan that released the claims for nothing. If the Second Circuit concludes the claims were colorable, then in light of the very large value of those claims, the Bankruptcy Court's approval of a Plan releasing them for nothing could not stand. As such, the questions in the Confirmation Appeal are closely intertwined with the *STN* Appeal pending in the Second Circuit. Moreover, the interplay between the two appeals raises a novel and important question concerning an Article I Bankruptcy Court's jurisdiction to release claims in the pendency of an Article III appeal—providing an additional basis for certification. *See In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007).

In response to a question from counsel for the Committee about whether Appellees would support this motion, counsel for Appellees have stated in an email that:

> Appellees oppose the requested 30-day extension of time to respond to the motion to dismiss insofar as the justification for that request is a forthcoming motion for certification to pursue the Confirmation Appeal directly in the Second Circuit in the first instance, circumventing this Court. Appellants contend that such certification is warranted because the Confirmation Appeal "overlap[s]" with the *STN* Appeal pending in the Second Circuit. But appellees have moved the Second Circuit to dismiss the *STN* Appeal for precisely that reason: the *STN* Order was subsumed in the confirmed Plan of Reorganization, and thus appellants cannot obtain any relief from that Order without challenging the confirmed Plan, as they are doing in this Court. But the Confirmation Order covers far more than

ROPES & GRAY LLP

- 3 -  September 21, 2016

the *STN* Order, and thus the appeal from the Confirmation Order should proceed in this Court per the standard process for review of bankruptcy orders.

Appellees' explanation of their objection confirms the Committee's arguments regarding the interrelatedness of the two appeals (one of which, in their view, "subsumes" the other) and the efficiencies that would result from having the Second Circuit simultaneously consider both appeals.

Accordingly, an extension of time is warranted for this Court to fully consider the Certification Motion, particularly where this is the first request for an extension and an extension will not interfere with any other deadlines. Appellants respectfully submit that good cause exists for the Court to extend by 30 days, until October 26, 2016, the deadline for Appellants to respond to the Motion to Dismiss.

Respectfully submitted,

/s/ *Mark R. Somerstein*
Mark R. Somerstein
*Counsel for the Official Committee
of Unsecured Creditors*

cc:   All Counsel of Record